United States District Court
Southern District of Texas
ENTERED
November 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JESSICA FABIET DIAZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01911** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Jessica Fabiet Diaz's ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), and Respondents' Response to Petitioner's Petition for Writ of Habeas Corpus and Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Dkt. 7). For the reasons below, Respondents' Response to Petitioner's Petition for Writ of Habeas Corpus and Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Dkt. 7), is **DENIED**.

## Discussion

On October 22, 2026, Petitioner, with assistance of counsel, filed her Petition for Writ of Habeas Corpus. (Dkt. 1). At the time of filing, Petitioner was detained at Laredo Processing Center in Laredo, Texas. (Dkt. 1 at 1–2.) Laredo, Texas is in Webb County, thus it is within the Laredo Division of the Southern District of Texas. *See* 28 U.S.C. § 124.

On October 23, 2026, Petitioner was transferred from Laredo Processing Center in Laredo, Texas to Dilley Immigration Processing Center in Dilley, Texas. (*See* Dkt. 7 at 1; Dkt. 7, Attach.

2 at 1.)[1] Dilley, Texas is in Frio County, thus it is within the San Antonio Division of the Western District of Texas. *See* 28 U.S.C. § 124.

Habeas jurisdiction attaches at the time of an initial filing of a writ of habeas corpus, and jurisdiction is not destroyed by a petitioner's transfer and accompanying custodial change. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citing cases). A petitioner's transfer to a facility outside of a district does not divest a court of its jurisdiction to entertain a petitioner's habeas petition. *Mitchell v. Luna*, 2026 WL 1773799, at *4 (S.D. Tex. Apr. 2, 2026) ("Petitioner filed this action while confined at Three Rivers, but was subsequently transferred to a prison in another district. The Court retains jurisdiction to consider Petitioner's claim, even though he has been transferred out of this district."); *Pena Ramirez v. Noem*, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) ("When a person detained in one federal district files a petition for writ of habeas corpus in that district, the court in that district does not lose jurisdiction to rule on that petition if the petitioner is later moved to a different district.")

Respondents argue that the Court should dismiss Petitioner's habeas petition for lack of jurisdiction because Petitioner is now detained at Dilley Immigration Processing Center. (Dkt. 7 at 3.) Although Petitioner's transfer has resulted in her present physical confinement in a different district, she filed her habeas petition one day prior to her transfer to Dilley Immigration Processing Center. Therefore, habeas jurisdiction properly attached on October 22, 2026, when she was still in detention at Laredo Processing Center, located in the Laredo Division of the Southern District of Texas.

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Accordingly, the case will proceed in the Laredo Division of the Southern District of Texas. The Court also **GRANTS** Petitioner leave to identify and substitute the appropriate warden or custodian. The Court **ORDERS** Respondents to respond to Petitioner's claims alleged in her Petition for Writ of Habeas Corpus, (Dkt. 1), on or before **November 20, 2026**.

IT IS SO ORDERED.

SIGNED this November 13, 2026.

Diana Saldaña
United States District Judge